**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Of Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **IAN BULKA, and JEFFREY SMITH,** on behalf of themselves and all other similarly situated persons, known and unknown, | Case No. 3:19-cv-02082-YY |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION ALLEGATION COMPLAINT** |
| v. | FMLA/OFLA Discrimination, Retaliation and Interference |
| **MONDELEZ GLOBAL LLC,** dba Mondelez International, Inc., | **JURY TRIAL DEMANDED** |
| Defendant, | |

Plaintiffs Ian Bulka and Jeffrey Smith, on behalf of themselves and all other similarly

situated persons, known and unknown, bring this class action against defendant Mondelez Global

LLC dba Mondelez International, Inc. Plaintiffs allege as follows:

PAGE 1 – FIRST AMENDED CLASS
ACTION ALLEGATION COMPLAINT

## NATURE OF ACTION

1.     This is a class action for damages and injunctive relief caused by

Defendant's unlawful interference with the rights of Plaintiffs and other similarly situated

individuals in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq.

("FMLA"), the Oregon Family Leave Act, Or. Rev. Stat. § 659A.150, et seq. ("OFLA"), and

Oregon's Sick Leave Law ("OSLL"), Or. Rev. Stat. § 653.641. Plaintiff Ian Bulka also

individually brings a common law claim for wrongful discharge.

2.     This is a class action lawsuit based on Defendant's willful and deliberate refusal

to comply with federal and state laws protecting the right of Plaintiffs and putative class

members to use family and medical leave.

3.     Defendant, through its policies and practices, has failed to comply with FMLA,

OFLA, OSLL and other protected leave by discriminating and interfering with its employees'

use of family, medical and sick leave by disciplining them for time taken off work that was and

is protected by state and federal law.

## JURISDICTION

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331

and 29 U.S.C. § 2617.

5.     Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to

28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or

common law as the state claims arise from the same nucleus of operative facts as the federal

claims.

6.     The unlawful practices described herein were committed within the State of

Oregon, in the place of Plaintiffs' employment in Defendant's facility in Portland, Oregon, and

PAGE 2 – FIRST AMENDED CLASS
ACTION ALLEGATION COMPLAINT

throughout the United States. Accordingly, venue in the District of Oregon is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.     Plaintiff Ian Bulka was employed by Defendant at its Portland, Oregon facility as a full-time employee from July 6, 2016, until his termination on or about May 10, 2019.

8.     At all times relevant, Bulka was an "eligible employee" under 29 U.S.C. § 2611(2)(A).

9.     Plaintiff Jeffrey Smith is currently employed by Defendant at its Portland, Oregon facility.

10.     At all times relevant, Smith was an "eligible employee" under 29 U.S.C. § 2611(2)(A).

11.     Plaintiffs and the class they seek to represent are Defendant's current and former employees. Plaintiff and the class they seek to represent were improperly disciplined for taking leave protected by FMLA, OFLA, OSLL and other protected leave laws. Defendant did so by applying "attendance points" for leave that was protected by state and federal law.

12.     Defendant is a Delaware corporation whose principal place of business is in the State of Illinois, with a facility in Portland, Oregon.

## FACTUAL ALLEGATIONS

13.     Defendant issues attendance-related discipline in the form of "points" or "occurrences." Attendance points are points that are accrued as a result of violations of Defendant's attendance policy. Defendant imposes progressive discipline for attendance points. Progressive discipline goes as follows: verbal warning, written warning, one-day suspension, five-day suspension, and termination.

PAGE 3 – FIRST AMENDED CLASS
ACTION ALLEGATION COMPLAINT

14.    Employees with attendance points are not eligible for attendance bonuses.

15.    Defendant imposes attendance points when employees miss work or do not accept forced overtime regardless of the reason. Forced overtime occurs when employees are told at the conclusion of their regular shifts that they must work for an additional shift. Defendant imposes attendance points when employees refuse to work forced overtime shifts. Defendant imposes attendance points even when employees take time off work or refuse forced overtime for protected leave.

16.    Defendant employees have informed management that the leave for which they are being subjected to discipline resulted from protected leave. Nevertheless, Defendant continues to impose discipline as a result of time taken off work for protected leave.

*Ian Bulka*

17.    Bulka was employed by Defendant full time as a baker.

18.    Prior to taking any leave Bulka was employed by Defendant for over a year.

19.    In November 2017 Bulka had broken his hand at home and was taken off work by his treating physician for a month. Bulka applied for a received FMLA leave for this time off work. This leave was also covered by OFLA.

20.    Upon his return he was transferred to a different department per his request six months prior. Once back to full duty in December 2017 Bulka started to experience pain in his hand where he had broken it. Bulka saw a physician in May 2018. In the same month, Bulka saw the Defendant ergonomics professional to address the pain and to see what could be done to minimize the discomfort and pain at work while performing his job duties. Bulka and his doctor both agreed that a less "hands on" position in company would work better for his injury and Bulka was transferred back into the "bake shop" department.

PAGE 4 – FIRST AMENDED CLASS
ACTION ALLEGATION COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

21.     Bulka gave multiple written and verbal notices that he was seeing a doctor for his ongoing serious medical condition. During the time in which Bulka was in the "packing" department (approximately May 2018 to December 2019) he had days or partial days of incapacity and at times had to leave work due to the pain in his hand. Bulka reported every absence to both the company and the third-party FMLA administrator, FMLA Source.

22.     Bulka accrued attendance points for each day that he was absent as a result of his serious health condition. As a result of taking protected leave, Bulka was reprimanded and given progressive discipline by Samuel the packing supervisor.

23.     In January 2019 Bulka was warned by a coworker that he was going to be discharged. Bulka spoke with his immediate supervisor Dave Coffman in January 2019 concerning the progressive discipline and his FMLA leave. Coffman informed Bulka that human resources (HR) had given him paperwork to serve on Bulka terminating his employment for attendance. Coffman stated that he knew that the discipline was mistaken and. Coffman told Bulka that he had informed HR that Bulka's absences were protected and that they needed to be fixed before any further discipline was issued.

24.     On April 6, 2019 Bulka had to take a leave from work due to the possibility of having strep throat due to his son having a confirmed case. Company policy dictates that in such a case it is the employee's job to call out and let a member of supervision or HR know about the possible illness. After the employee is cleared of the illness and provides a doctor's release, the employee can return to work.

25.     Bulka repeatedly informed Defendant that the absences that had led to attendance points had resulted from FMLA-protected leave. Bulka filed multiple grievances with his union to resolve this issue.

PAGE 5 – FIRST AMENDED CLASS
ACTION ALLEGATION COMPLAINT

26.     Defendant discharged Bulka on May 10, 2019, for attendance violations.
Defendant relied on dates on which Bulka took FMLA-protected leave to terminate his
employment. The leave was also protected leave under OFLA and OSLL.

27.     Bulka would return to work for defendant if permitted and if defendant would
stop violating FMLA, OFLA, and OSLL.

*Jeff Smith*

28.     Smith was hired July 6, 2016, and is currently employed as a baker at the
Portland, Oregon facility.

29.     In 2018, Smith began taking medical leave to care for his minor child. This
medical leave was intermittent and required Smith to work no more than 40 hours per week.
Smith used FMLA leave to cover the forced overtime he was not able to take in order to care for
his minor child. Occasions in which he refused forced overtime as part of his intermittent
medical leave resulted in attendance points.

30.     On November 29, 2018, Smith received a written warning as a result of the
attendance points associated with his FMLA-protected medical leave.

31.     On March 10, 2019, Smith received a one-day suspension as a result of the
attendance points associated with his leave.

32.     On May 29, 2019, Smith received a five-day suspension as a result of the
attendance points associated with his leave.

33.     On June 3, 2019, Smith received a one-day suspension as a result of the
attendance points associated with his leave.

**CLASS ACTION ALLEGATIONS**

34.     Plaintiffs and members of the putative class reallege paragraphs 1-33 as though

PAGE 6 – FIRST AMENDED CLASS
ACTION ALLEGATION COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

fully set forth herein.

35.    Plaintiffs and members of the putative class were subjected to a policy of imposing attendance points for time that was covered by approved leave under the FMLA, OFLA, OSLL, and any other protected leave law.

36.    Plaintiffs seek certification of this lawsuit as a class action in order to adjudicate the rights of Plaintiffs and all other similarly situated persons, known and unknown (hereinafter the "putative class"), who are, or within the relevant statutory period were, employed by Defendant and received attendance points for time that was covered by approved leave under the FMLA, OFLA, OSLL, and any other protected leave law. Plaintiffs and the putative class members seek damages including back pay, liquidated damages, prejudgment interest, and any other damages due under the FMLA, OFLA, OSLL, and any other protected leave law.

37.    This action is brought as a class action under Fed. R. Civ. P. 23 because the putative class is so numerous that joinder of all class members is impracticable.

38.    Plaintiffs and members of the putative class have been equally affected by Defendant's practice of imposing disciplinary attendance points on employees taking FMLA leave and other leave protected by state and federal law. While the precise number of putative class members has not been determined at this time, Defendant employs 83,000 people worldwide and more than 200 people at the Portland facility in the production department in which Bulka and Smith worked. A significant percentage of these employees have been approved for protected leave and have been disciplined as a result of the aforementioned policy of imposing attendance points for using protected leave. It is believed that the putative class of employees subjected to the FMLA violations herein numbers in the hundreds of employees.

39.    The putative class members still employed by Defendant may be reluctant to raise

PAGE 7 – FIRST AMENDED CLASS
ACTION ALLEGATION COMPLAINT

individual claims for fear of retaliation, or for fear that bringing an individual claim against a former employer may hinder their ability to find new employment.

40.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class. Defendant has applied a policy of imposing unlawful discipline on employees, such as Plaintiffs, that have used protected leave.

41.     As employees that were disciplined (through the imposition of attendance points) as a result of having used protected leave, Plaintiffs' claims are typical of the claims of the putative class. They were the result of the application of a common policy or practice that is the subject of this lawsuit.

42.     Plaintiffs, the putative class and Defendant have a commonality of interest in the subject matter and remedy sought.

43.     Plaintiffs are able to fairly and adequately represent and protect the interests of the putative class.

44.     Plaintiffs' Counsel is competent and experienced in litigating class action lawsuits, such as the instant one.

45.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the putative class, to the Court and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

# FIRST CLAIM FOR RELIEF

## (Class Action – FMLA)

46.    Plaintiffs and members of the putative class reallege paragraphs 1-45 as though fully set forth herein.

47.    Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

48.    Defendant employed at least 50 employees for each working day during each of 20 or more calendar work weeks from 2017 to present.

49.    At all times material, Plaintiffs and members of the putative class are were 'eligible employees' within the meaning of 29 U.S.C. § 2611(2).

50.    At all times in 2018, defendant employed 50 or more employees with 75 miles of the worksite where Plaintiffs and members of the putative class performed work for defendant.

51.    Defendant employed Plaintiffs and members of the putative class for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

52.    Defendant employed Plaintiffs and members of the putative class for more than 12 months prior to commencing leave.

53.    Plaintiffs and members of the putative class took medical leave protected by FMLA.

54.    At all material times, Plaintiffs and members of the putative class or their family members suffered from serious health conditions, as defined by 29 U.S.C. § 2611(11).

55.    Defendant interfered with FMLA-protected leave taken by Plaintiffs and members of the putative class by imposing discipline for taking time off work or refusing forced overtime. Defendant interfered with Bulka's use of protected leave by discharging him for taking protected

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

medical leave.

56.    Defendant applied a policy of imposing attendance points to all employees who take time off work or who refuse forced overtime. This policy disproportionately affected employees such as plaintiffs and members of the putative class that have used or are using FMLA-protected leave. The imposition of discipline disqualified Plaintiffs and members of the putative class from receiving a bonus based upon attendance. Defendant discriminated against Bulka by discharging him for taking protected medical leave.

57.    Defendant discriminated against Plaintiffs and members of the putative class by imposing discipline for using FMLA-protected leave.

58.    Defendant retaliated against Plaintiffs and members of the putative class for taking medical leave by taking adverse employment actions against them. Defendant retaliated against Bulka by discharging him for taking protected medical leave.

59.    Defendant knew, or showed reckless disregard, for whether its conduct violated the FMLA.

60.    As a direct and proximate result of defendant's interference, discrimination and retaliation, Plaintiffs and members of the putative class have suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, in an amount to be determined at trial.

61.    The court should enter an order declaring that defendant violated the FMLA.

62.    To the extent any amount awarded to Plaintiffs or the putative class is for damages occurring prior to the entry of judgment, they are entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

63.    Plaintiffs and the putative class are entitled to an award of liquidated damages

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

pursuant to 29 U.S.C. § 2617(a)(1)(A).

64.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiffs and the putative class are entitled to an award of attorney's fees, expert fees, and costs incurred herein.

65.     Plaintiffs and the putative class are entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF

### (Class Action – OFLA)

66.     Plaintiffs and members of the putative class reallege paragraphs 1-65 as though fully set forth herein.

67.     Plaintiffs and members of the putative class took OFLA-protected medical leave.

68.     Plaintiffs and members of the putative class suffered and continued to suffer economic losses, emotional distress, and other nonpecuniary losses as a result of defendant's interference, discrimination and retaliation as alleged above.

69.     Plaintiffs and members of the putative class are entitled to equitable relief as a result of defendant's interference, discrimination and retaliation as alleged above.

70.     Pursuant to Or. Rev. Stat. § 659A.885, Plaintiffs and members of the putative class are entitled to recover back pay.

71.     The court should enter an order declaring that defendant violated the OFLA.

72.     To the extent any amount awarded to Plaintiffs or members of the putative class is for damages occurring prior to the entry of judgment, they are entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

73.     Pursuant to Or. Rev. Stat. § 659A.885 and Or. Rev. Stat. § 20.107, Plaintiffs and

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

members of the putative class are entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

74.     Plaintiffs and members of the putative class are entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## THIRD CLAIM FOR RELIEF

### (Class Action – OSLL)

75.     Plaintiffs and members of the putative class reallege paragraphs 1-74 as though fully set forth herein.

76.     Plaintiffs and members of the putative class took OSLL-protected sick leave.

77.     Plaintiffs and members of the putative class suffered and continued to suffer economic losses, emotional distress, and other nonpecuniary losses as a result of defendant's interference, discrimination and retaliation as alleged above.

78.     Plaintiffs and members of the putative class are entitled to equitable relief as a result of defendant's interference, discrimination and retaliation as alleged above.

79.     Pursuant to Or. Rev. Stat. § 659A.885, Plaintiffs and members of the putative class are entitled to recover back pay.

80.     The court should enter an order declaring that defendant violated the OSLL.

81.     To the extent any amount awarded to Plaintiffs or members of the putative class is for damages occurring prior to the entry of judgment, they are entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

82.     Pursuant to Or. Rev. Stat. § 659A.885 and Or. Rev. Stat. § 20.107, Plaintiffs and members of the putative class are entitled to recover Plaintiff's reasonable attorney fees and

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

costs, including expert witness fees.

83.     Plaintiffs and members of the putative class are entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FOURTH CLAIM FOR RELIEF

### (Wrongful Termination – Bulka)

84.     Bulka realleges paragraphs 1-83 as though fully set forth herein.

85.     Defendant discharged Bulka's employment in retaliation for his use of medical leave protected by state and federal law.

86.     As a result, Bulka suffered and continues to suffer harm and is entitled to the damages and other relief set forth below.

87.     Bulka is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Bulka's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

88.     Bulka is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Bulka should be awarded economic damages in an amount determined fair by a jury.

89.     Bulka is entitled to non-economic damages sufficient to compensate him for emotional distress and other nonpecuniary losses in an amount to be proved at trial.

90.     To the extent any amount awarded to Bulka is for damages occurring prior to the entry of judgment, he is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

91.     Pursuant to Or. Rev. Stat. § 20.107, Bulka is entitled to an award of attorney fees

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

and expert witness fees.

92.     Bulka is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

Plaintiffs and members of the putative class pray for the following judgment against defendant:

A.      A sum which will fully compensate Bulka for his non-economic damages in a sum that is determined by a jury at trial;

B.      A sum which will fully compensate Plaintiffs and members of the putative class for economic damages in a sum that is determined by a jury at trial;

C.      Equitable relief, including but not limited to, reinstatement if Bulka so chooses;

D.      Liquidated damages;

E.      Costs and disbursements;

F.      Attorney fees; and

G.      For such other and further relief as the Court may deem just and equitable.

**Plaintiffs demand a trial by Jury.**

Dated: November 9, 2020

**Law Offices of Daniel Snyder**

  _/s/ John Burgess_
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiffs

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 SW Broadway, Ste 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249